# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER,<br><br>                Petitioner,<br>v.<br><br>M. MARTEL, Warden,<br><br>                Respondent. | Civil No.   10cv1209-W (AJB)<br><br>**ORDER GRANTING RESPONDENT'S APPLICATION FOR STAY PENDING APPEAL**<br><br>**[Dkt. No. 24.]** |

On April 29, 2011, the Court issued an Order Granting in Part and Denying in Part Petition for Writ of Habeas Corpus. (Dkt. No. 20.) In the order, the Court denied the claim that Petitioner did not knowingly and voluntarily waive his right to counsel under the Sixth Amendment at the initial arraignment. (Id.) The Court granted the claim that Petitioner did not knowingly and voluntarily waive his right to counsel under the Sixth Amendment at his subsequent arraignments after the initial arraignment. (Id.) The Court directed Respondent to dismiss the counts added after the initial arraignment (counts 38-43 and 46-48) and resentence Petitioner, or initiate proceedings to retry Petitioner. (Id.)

On May 9, 2011, Respondent filed a notice of appeal. On May 13, 2011, Respondent filed an application for stay pending appeal in this Court. On May 25, 2011, Petitioner filed an opposition. Having reviewed the moving papers, the opposition and the applicable law, the Court GRANTS Respondent's application for stay pending appeal.

**Discussion**

The factors to consider in determining whether to issue a stay of release pending appeal are set forth in Hilton v. Braunskill, 481 U.S. 770 (1987) (involving a state's motion for stay pending appeal of an order releasing a prisoner in connection with a successful petition for habeas corpus). The Supreme Court indicated that "general standards governing stays of civil judgments" should guide courts in considering such a request for a stay. Id. at 776. Thus, the court must consider the following factors in reaching its decision on a motion for stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. "The district court retains jurisdiction to issue orders regarding the custody or enlargement of a petitioner even after an appeal has been taken from the order granting or denying habeas corpus relief." Franklin v. Duncan, 891 F. Supp. 516, 519 & n. 4 (N.D. Cal. 1995).

**1.     Likely to Succeed on the Merits**

Respondent maintains that it will likely succeed on appeal because this Court granted relief in the absence of a finding that the state court had unreasonably applied precedent of the United States Supreme Court as required by § 2254(d)(1). Specifically, Respondent cites to a recent United States Supreme Court case, Harrington v. Richter, 131 S. Ct. 770 (Jan. 19, 2011), and argues that this Court relied on circuit court precedent and not United States Supreme Court precedent in making its determination. He argues that since Faretta v. California, 422 U.S. 806, 807 (1975)[1] is the clearly established Supreme Court precedent, the state court's decision was not an unreasonable application of Faretta.

Petitioner argues that Respondent's analysis incorrectly requires an exactly similar fact pattern as Petitioner's case. Petitioner contends that Supreme Court precedent allows for a conclusion that the Court reached.

---

[1] The Court in Faretta held that a defendant in a criminal case has the constitutional right to be represented by counsel and also, if he chooses, a right to represent himself as long as the waiver is knowing and intelligent. Id. at 807.

1    Harrington discussed an analysis and application of 28 U.S.C. § 2254(d)(1) regarding whether
2    a state court's decision was an "unreasonable application" of federal law. Harrington, 1331 S. Ct. at
3    785-87.  It did not discuss the issue that Respondent raises, to what extent circuit authority may
4    determine what is "clearly established" Supreme Court precedent. While Faretta is the Supreme Court
5    authority on the Sixth Amendment right to counsel and the right to waive counsel so long as the waiver
6    is knowing and intelligent, it and no other Supreme Court case has not addressed whether a waiver at
7    an initial arraignment is valid at subsequent arraignments where charges are added.  The Court
8    concludes there are valid issues as to what extent circuit authority may determine what is "clearly
9    established" Supreme Court precedent.   Respondent has not shown a likelihood of success on the
10   merits. However, the Court concludes that this factor favors neither party.

### 2.    Irreparable Injury to the State

12   Respondent argues that there will be irreparable injury to the State if the stay is denied. He
13   argues that if the stay is denied, the prosecution will be required to expend substantial effort and use of
14   public resources to locate witnesses and exhibits since the crime was committed more than seven years
15   ago. If the appeal is decided in its favor, then the prosecution will be released from the burden of a new
16   trial. Petitioner contends that there is no irreparable injury to the state because a stay will only further
17   lengthen the time elapsed since the crime.

18   One district court reasoned that "[i]t makes little sense for the States to be required to
19   immediately conduct a murder trial if there is any possibility the trial could be mooted by a reversal of
20   this Court's order on appeal." Franklin, 891 F. Supp. at 520. The Court concludes that Respondent will
21   be irreparably injured if the stay is not granted. If a retrial is to occur, the state's scarce resources may
22   unnecessarily be expended to locate witnesses and evidence regarding a crime that occurred about seven
23   years ago. Therefore, this factor weighs in favor of granting a stay.

### 3.    Substantial Injury to Petitioner

25   Respondent contends that the stay will not substantially injure Petitioner as he would remain in
26   custody pending retrial in light of a high bail. Petitioner argues that Respondent's arguments apply if
27   they "win" on appeal and the statement that Petitioner will be in custody anyhow is mere speculation

by Respondent. He claims that he had witnesses and exhibits at the trial and "a stay only prolongs mustering his evidence." (Pet's Opp at 7.)

The Court agrees with Petitioner that Respondent's argument that Petitioner would remain in custody pending retrial in light of a high bail is speculation. Respondent also states that Petitioner's release date may occur during the pendency of the appeal; however he does not state when that would occur. If Petitioner's release date occurs during the pendency of the appeal, then Petitioner will be substantially injured and will have a strong interest in release. See Franklin, 891 F. Supp. at 521.

**4.     Public Interest**

Respondent asserts that the public has a strong interest in having the appeal decided before starting a retrial which would involve costly expenditure that may prove to be unwarranted. Petitioner contends that he is being prevented from having his "day in court." As discussed above, the state has a strong interest in not having to expend its scarce resources for a retrial that may be mooted on appeal. See Franklin, 891 F. Supp. at 520. The Court concludes this factor weighs in favor of a stay.

## Conclusion

In balancing the four factors outlined in Hilton, the Court concludes that the factors weigh in favor of granting a stay. See Hilton, 481 U.S. at 776. Accordingly, the Court GRANTS Respondent's application for a stay pending appeal.

IT IS SO ORDERED.

DATED: June 3, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge